UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NIKITA NOSYREV,

      Petitioner,

v.                                    Case No.  2:26-cv-1479-JES-DNF

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION FACILITY,
et al.,

      Respondents.
_____/

**ORDER**

Before the Court are Petitioner Nikita Nosyrev's petition for writ of habeas corpus (Doc. 1) and the government's response (Doc. 6).  For the reasons below, the Court grants the petition to the extent set forth in this Order.

## I.   Background

Nosyrev is a 34-year-old native and citizen of the Russian Federation who entered the United States on January 8, 2023.  (Doc. 1 at 2).  He was initially detained by the Department of Homeland Security for 82 days but thereafter released on his own recognizance after being placed in standard removal proceedings.  (Id.)  Nosyrev has complied with all immigration reporting obligations and has appeared at every proceeding in his removal case.  (Id. at 13).  He has a pending application for asylum with his next immigration hearing scheduled for June 14, 2029.  (Id.)

On April 14, 2026, while residing in South Florida, Petitioner was detained by Immigration and Customs Enforcement and transferred to Florida Soft Side South Detention Facility (Alligator Alcatraz). (Doc. 1 at 13). He argues that he is entitled to a bond hearing so that he may remain at large until his asylum application is pending. (Id. at 14).

In response to the petition, Respondents acknowledge that Nosyrev "should receive an individualized bond hearing based on binding Eleventh Circuit precedent." (Doc. 6 at 1 (citing Hernandez Alvarez v. Warden, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026))). Nevertheless, Respondents argue that—given that Hernandez Alvarez is binding on immigration judges—the Court should dismiss this petition because Nosyrev should have sought a bond hearing in immigration court before filing this petition. (Id. at 4). The Court is not convinced. Nosyrev was detained (and filed this petition) before Hernandez Alvarez was issued. Moreover, in habeas proceedings, exhaustion is not jurisdictional. Rather, it exists as a judicially created doctrine applied at the court's discretion. See Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015).

## II.  Discussion

Under 8 U.S.C. § 1226(a) of the Immigration and Nationality Act (INA), the government is authorized "to detain certain aliens already in the country pending the outcome of removal

2

proceedings[.]" Jennings v. Rodriguez, 583 U.S. 281, 289 (2018). But 8 U.S.XC. § 1226A(a) provides additional safeguards, including the right to an individualized bond hearing. Id. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.")(citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Eleventh Circuit recently addressed the issue of whether "unadmitted aliens found in the interior of the United States are eligible for bond as they go through immigration proceedings." Hernandez Alvarez, 2026 WL 1243395, at *1. The Court determined that "no-bond detention generally applies to arriving aliens seeking lawful entry to the country, and not to aliens who are simply present here." Id. And Respondents recognize that, under this holding, Nosyrev is entitled to an individualized bond hearing under 8 U.S.C. § 1226(a).

The Court will thus order Respondents to either release Nosyrev or bring him before an immigration judge within seven days for a merit-based § 1226 bond hearing where the government must show that he is a flight risk or danger to the community.[1] To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of all evidence properly

---

[1] Respondents request "a reasonable period of seven days to arrange an individualized bond hearing." (Doc. 6 at 5).

submitted by the petitioner and the factors announced in In re Guerra, 24 I. & N. Dec. 37 (BIA 2006).  Nosyrev's counsel must receive at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice.  If Respondents are unable to ensure that Nosyrev timely receives the meaningful and thorough bond hearing to which he is entitled under § 1226(a), they must release him.

Accordingly, it is **ORDERED**:

1.    Nikita Nosyrev's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent set forth in this Order.

2.    Within **SEVEN (7) DAYS**, Respondents shall either provide Nosyrev with the statutory process required under § 1226—which includes a merit-based bond hearing—or release him under reasonable conditions of supervision.

3.    If Respondents release Nosyrev, they shall facilitate his transportation from the detention facility by notifying his counsel or family of when and where he may be collected.

4.    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on May 19, 2026.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

4